UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Henry Saunders *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  14-0870 (UNA) |
| | ) | |
| Joy Flowers-Conti *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Eight prisoners at the Federal Correctional Institution in Loretto, Pennsylvania, have brought this action *pro se* against two individuals, including Joy Flowers Conti "dba Western District of Pennsylvania, United States District Court(s)," and the "W.D. Pennsylvania Assistant US Attorney General dba Justice Dep't. U.S. Attorneys Office for Western District of Pennsylvania." Compl. Caption.  All but two of the plaintiffs, James Hendricks and Richard Piccoli, have supplied the requisite financial information for the Court to proceed.  *See* Order [Dkt. # 3] (directing compliance with the filing fee requirements of the Prison Litigation Reform Act).  Upon review of the complaint, the Court will grant each motion to proceed *in forma pauperis*, including that of Hendricks and Piccoli, and will dismiss this case pursuant to 28 U.S.C. § 1915A, which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted.

The complaint arises from alleged inaccurate court documents.  Plaintiffs state, *inter alia*, that "[e]ach accused party named both jointly and severally are believed to be responsible for playing a part in the harm, injury and illegal records formed, had, maintained, and used to make adverse determinations." Compl. at 3.  They suggest that defendant Flowers Conti is "ultimately

1

responsible for the failures and refusals of the businesses to correct their records when the inaccuracies in such records and such were pointed out." *Id*. at 4.   The Court takes judicial notice of the fact that Joy Flowers Conti is Chief Judge of the United States District Court for the Western District of Pennsylvania.

Plaintiffs allege that they each "submitted to Joy Flowers Conti . . . and though [sic] the law governing violations of 552a described at 5 USC 552(a)(g)[,]" *id.*, thereby invoking the Privacy Act, 5 U.S.C. § 552a.  The Privacy Act governs the maintenance of records by federal agencies.  The Act creates a private cause of action against federal agencies, not individuals, and it does not apply to the courts.  *See Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 61-62 (D.D.C. 2009), *aff'd.*, No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010) ("For purposes of the Privacy Act, the term 'agency' . . . does [not] include 'the courts of the United States,' . . . a phrase interpreted as applying to the entire judicial branch of government.") (quoting 5 U.S.C. § 551(1)(B)) (citing *Washington Legal Found. v. United States Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994)); *see also id*. at 62 (dismissing "all the individual defendants named in the complaint . . . and the United States Probation Office . . . as party defendants").

Since the Privacy Act does not apply to the court documents forming the basis of this action, plaintiffs have stated no cognizable claim.[1]  A separate Order of dismissal accompanies this Memorandum Opinion.

*Ketanji Brown Jackson*

DATE:  December 12, 2014 United States District Judge

---

[1]  Rule 60(a) of the Federal Rules of Civil Procedure permits the correction of court documents by the respective court *sua sponte* or on motion.